IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL W. LORENCE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | FILED: JUNE 25, 2008 |
| | ) | 08CV3620 |
| KENNETH STOLLER d/b/a TOP TECH | ) | JUDGE HOLDERMAN |
| LABS and LINDAHL BROTHERS, INC., | ) | MAGISTRATE JUDGE DENLOW |
| an Illinois Corporation, | ) | |
| | ) | |
| Defendants, | ) | PH |
| | ) | |
| and | ) | |
| | ) | |
| JOSEPH BRUNO | ) | |
| | ) | |
| Respondent in Discovery. | ) | |

**NOTICE OF REMOVAL**

NOW COMES THE DEFENDANT, Lindahl Brothers, Inc. by its attorneys, pursuant to

28 U.S.C.§§ 1331, 1441 and 1446, and hereby removes the subject action, No. 2008-L-005644,

Circuit Court of Cook County, Law Division, to the United States District Court for the Northern

District of Illinois, Easter Division, on the following grounds:

1.     Plaintiff, Russell W. Lorrence, filed this action on May 22, 2008 against

Defendant, Lindahl Brothers, Inc. and one other defendant. Defendant Lindahl Brothers, Inc.

was served with a copy of the summons and complaint on June 2, 2008. A copy of the summons

and complaint is attached hereto as Exhibit A.

2.     The United States District Court for the Northern District of Illinois has original

jurisdiction over the subject action pursuant to 28 U.S.C. §1332 because the claim against

defendant Lindahl is an action founded on or substantially dependent on analysis of a collective

bargaining agreement, which can be litigated only under federal law, specifically Section 301 of

the Labor Management Relations Act,  29 U.S. C. § 185. Upon removal, defendant intends to file

a Motion to Dismiss the within action based upon the doctrine of preemption.

3.     This case is removable by defendant, Lindahl Brothers, Inc., pursuant to 28

U.S.C. §1441.

4.     Defendant, Lindahl Brothers, Inc. files this notice within 30 days after receipt of

the Complaint and summons on June 2, 2008.

5.     Written notice of filing of this Notice of Removal will be given to plaintiff

promptly after the filing of this Notice as required by 28 U.S.C. §1446(d).

6.      A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court

of Cook county, Illinois, Law Division, promptly after the filing of this Notice as required by 28

U.S. C.§1446(d).

7.     By filing this Notice of Removal, defendant, Lindahl does not waive any

jurisdictional objection or any defense that is or may be available to it.

WHEREFORE, defendant, Lindahl Brothers, Inc., removes the subject action Case No.

2008 L 005644 from the Circuit Court of Cook County, Law Division, to the United States

District Court for the Northern District of Illinois.

Respectfully Submitted,

**s/Miriam N. Geraghty_____**
Miriam N. Geraghty

Miriam N. Geraghty
Joanne Kinoy
Kinoy, Taren & Geraghty, P.C.
224 S. Michigan Avenue, Suite 300
Chicago, IL 60604-2536
Tel: 312-663-5210
Fax: 312-663-6663

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | PH |
| 1420 – Served by Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW                           DIVISION

(Name all parties)

RUSSELL W. LORENCE

v.

LINDAHL BROTHERS, INC

2008L005644
CALENDAR/ROOM V
TIME 00:00
Prof Malpractice

No. _____

Please serve:
LINDAHL BROTHERS, INC
Agent: Clarence Lindahl, Jr.
622 East Green Street
Bensenville, IL 60106

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room **801**, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, DOROTHY BROWN MAY 22 2008

Atty. No.: 29491

Name: James J. Macchitelli

Atty. for: Plaintiff

Address: 321 Stone Road

City/State/Zip: Villa Park, IL 60181

Telephone: 630-834-7272

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit A

STATE OF ILLINOIS        )
                         )    SS
COUNTY OF DUPAGE         )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RUSSELL W. LORENCE,                    )        2008L005644
                                       )        CALENDAR/ROOM V
            Plaintiff,                 )        TIME 00:00
                                       )        Prof Malpractice
    vs.                                )    CASE NO.:
                                       )
KENNETH STOLLER d/b/a TOP TECH         )
LABS and LINDAHL BROTHERS, INC.,       )
an Illinois Corporation,               )
                                       )
            Defendants,                )
                                       )
    and                                )
                                       )
JOSEPH BRUNO,                          )
                                       )
            Respondent in Discovery.   )

### VERIFIED COMPLAINT AT LAW

Plaintiff, RUSSELL W. LORENCE, by and through his attorneys from Michael A.

Tepper & Associates, brings this common law negligence action against Defendant, KENNETH

STOLLER d/b/a TOP TECH LABS and Defendant, LINDAHL BROTHERS, INC., an Illinois

Corporation, and against JOSEPH BRUNO, as Respondent in Discovery, and states as follows:

### I. INTRODUCTION

1.    Plaintiff, RUSSELL W. LORENCE, brings this lawsuit against the Defendants,

his previous employer and the service agent chosen by Plaintiff's employer for its in-house drug

and alcohol testing program and for their failures to comply with the United States Department

of Transportation ("DOT") regulations regarding procedures to administer transportation

workplace drug-and-alcohol testing. See, 49 C.F.R. §40.1 et seq.

## II. JURISDICTION AND VENUE

2.    The jurisdiction of this state court is proper as the Plaintiff's claims are based on common law negligence claims against both Defendants.

*pre-empld*
*LMRA*

3.    Venue is proper in this County of Cook, Illinois because the Defendant, LINDAHL BROTHERS, INC., is an Illinois corporation and doing business in the State of Illinois and Defendant, KENNETH STOLLER, is doing business as TOP TECH LABS with his principal business address and residence address in Schaumburg, County of Cook, Illinois.

## III. PARTIES

4.    Plaintiff, RUSSELL W. LORENCE, is a citizen of the State of Illinois and resides in the Melrose Park, County of Cook, Illinois and he has earned and obtained a commercial driver's license from the Illinois Secretary of State and as such is earning his living as a truck driver.

5.    Defendant, LINDAHL BROTHERS, INC., is a trucking company that hauls stone and gravel, to and from construction sites and from September of 2005 through October 18, 2006, LINDAHL BROTHERS, INC. was the Plaintiff's employer who was implementing an in-house substance abuse testing program for its employees pursuant to Department of Transportation (DOT) regulations.

6.    Defendant, KENNETH STOLLER, is a sole proprietor doing business as TOP TECH LABS, and he was hired by Defendant, LINDAHL BROTHERS, INC., to administer a random drug and alcohol test by providing breath tests to employees and by collecting urine specimens from employees.

2

7.     Respondent in Discovery, JOSEPH BRUNO, was an employee truck driver of Defendant, LINDAHL BROTHERS INC., and it is believed that his urine and the Plaintiff's urine were switched either by error or on purpose.

## IV.  FACTUAL ALLEGATIONS

8.     At the start of the work day on October 16, 2006, Defendant, LINDAHL BROTHERS, INC., directed 15-20 of its 70 or so drivers or employees that it was conducting a random drug and alcohol test.  Plaintiff and three other employees were directed to go to the in-house test area.

9.     Plaintiff complied with LINDAHL BROTHER's instruction and he walked over to the in-house table that was set up and he provided a service agent technician with his driver's license and various forms were filed out. A copy of those forms is attached and marked Plaintiff's Group Exhibit "A."

10.    Thereafter, Plaintiff was told to wait while the service agent technician provided a breath test to another employee and after which he provided a plastic cup to Plaintiff and directed Plaintiff to a restroom and demanded him to provide a urine sample.  This plastic cup was not sealed and it was not labeled.

11.    Plaintiff went into the restroom and urinated in the unlabeled plastic cup.  When Plaintiff came out of the restroom, the service agent technician instructed Plaintiff to set the unlabeled plastic cup that he urinated in, on the table.

12.    Plaintiff complied with the technician's instructions and he set the unlabeled plastic cup with his urine on the table.

13.    Plaintiff was told to wait while another employee, Joseph Bruno came out of the restroom with his urine specimen in a similar or exact plastic cup that was unlabeled and he too

3

was instructed to put his urine specimen on the table which he did.

14.     It is not known what was done with those urine samples on the table but it is believed that the urine from the samples was poured into two specimen containers and one was marked "A" and one was marked "B." And, it is believed that these specimen samples of urine were sent or transported by Defendant, KENNETH STOLLER, to the laboratory that he contracted with, ACL Laboratories, 8901 West Lincoln, West Allis, WI 53227, to analyze the urine specimens and report the results to Dr. J. R. Baber, M.D., the medical review officer from Baber MRO Services.   Plaintiff never initialed the tubes of urine and was never allowed to watch the technician divide the the Plaintiff's urine sample in containers marked A and B.

15.     On October 18, 2006, Plaintiff was informed that his urine tested positive for cocaine. Plaintiff was shocked and he stated to his employer, LINDAHL BROTHERS, INC., that he never did drugs and there was no way that his urine tested positive for drugs.  Plaintiff asked LINDAHL BROTHERS, INC., for permission to conduct another drug test which was denied.  A copy of Plaintiff drug test results are attached and marked Plaintiff's Exhibit "B."

16.     With full knowledge that he had never used drugs, Plaintiff was certain that his positive test result was a mistake. So, Plaintiff immediately went to Elmhurst Clinic and he paid for and conducted another drug test through Philip J. Vanreken, M.D. which was returned negative.  A copy of the Elmhurst Clinic drug test results are attached and marked Plaintiff's Exhibit " C."

17.     Based on the positive urine test that reported that there was illegal drugs in Plaintiff's body, Plaintiff was terminated from his position of employment as a truck driver with Defendant, LINDAHL BROTHERS, INC. A copy of Plaintiff's termination notice is attached and marked Plaintiff's Exhibit "D."

4

18.    That while conducting the Plaintiff's drug and alcohol tests, the Defendants repeatedly ignored industry standards and protocols for administering in-house random drug and alcohol tests, and more importantly, the Defendants ignored the DOT agency regulations and procedures on how to conduct in-house random drug and alcohol tests.

### COUNT I - NEGLIGENCE
### AGAINST KENNETH STOLLER d/b/a TOP TECH LABS

19.    Plaintiff adopts and re-alleges ¶¶ 1-18.

20.    In 49 C.F.R. §40.1 et seq., the DOT established a comprehensive set of federal rules and regulations to govern the collection and processing of urine samples for transportation workplace drug and alcohol testing programs. But, KENNETH STOLLER d/b/a TOP TECH LABS, ignored these comprehensive federal rules and regulations and failed to follow them in its collection procedure on October 16, 2006.

21.    As the service agent technician of the employer's in-house random drug and alcohol test, Defendant, KENNETH STOLLER d/b//a/ TOP TECH LABS, owed Plaintiff, RUSSELL W. LORENCE, a duty of care as it was reasonably foreseeable that a failure to comply with DOT rules and regulations would unreasonably cause false positive drug tests results that would cause substantial injuries to be suffered by the Plaintiff.

22.    That at all times relevant, the Defendant, KENNETH STOLLER d/b/a/ TOP TECH LABS, was well aware that a false positive test result would cause the plaintiff to suffer significant and devastating loss as the Plaintiff's employment would be terminated and future prospects of employment would be severely, adversely impacted.

23.    As Defendant, KENNETH STOLLER d/b/a TOP TECH, was in the best position to guard against false test results, it was the duty of Defendant, KENNETH STOLLER d/b//a/ TOP TECH LABS to be solely responsible for the performance of the drug and alcohol testing

and it was the duty of KENNETH STOLLER d/b//a/ TOP TECH LABS to implement adequate

quality control procedures and to ensure that DOT regulations were followed.

    24.    That Defendant, KENNETH STOLLER d/b/a/ TOP TECH LABS, was negligent

in collecting Plaintiff's urine specimen and in reporting a false positive drug test result and thus

the Defendant breached his duty of care owed to Plaintiff by committing one or more of the

following negligent acts:

    (a)    failed to properly instruct his employees or technicians and further failed to protect against or diminish the danger of specimen contamination;

    (b)    failed to use specimen containers with sealable and tamper-evident lids;

    ( c)    failed to seal the specimen containers in front of Plaintiff;

    (d)    failed to obtain the Plaintiff's initials or otherwise identify the cup urinated into by Plaintiff or the specimens A and B as belonging to the Plaintiff;

    (e)    conducted the drug test so that the results were not accurate and were in error;

    (f)    erroneously tested and reported that the Plaintiff had illegal drug(s) in his body;

    (g)    failed to use routinely followed precautionary procedures, including:

    (1) the use of sterile specimen containers; (2) the use of tamper-evident seals; (3) the use of identifying marks on specimen containers; (4) the use of limiting the testing area to one employee present at a time; (5) by collecting the urine from one employee at a time; (6) by having one urine specimen on the table at a time; (7) by failing to instruct employees to wash their hands before and after each provided a urine specimen; (8)

    (h)    otherwise conducted the drug test so that the results erroneously diagnosed cocaine in the plaintiff's body.

    25.    Specifically, Defendant was negligent by allowing four employees to be present

in the testing area all at the same time (the first employee was the Plaintiff; the second employee

is known as Auggie; the third employee employee is known as Kevin; and fourth employee is

known as Joe Bruno), TOP TECH LABS provided no safeguards to ensure accurate testing

results and allowed Plaintiff's urine cup and Joseph Bruno's urine cup to remain on a table and to remain on the table unmarked and separated.

26.    As a direct and proximate result of the negligence of Defendant, KENNETH STOLLER d/b/a TOP TECH LABS, the Plaintiff was wrongfully terminated from his position of employment with LINDAHL BROTHERS, INC.; lost money as a result of not being able to work; lost money because his replacement job pays him $3.50 per hour less than earned in his employment with LINDAHL BROTHERS, INC; was publicly humiliated and suffered mental and emotional anguish; suffered from sleeplessness and severe emotional distress; and spent time and money to restore his employment and good reputation.

WHEREFORE, Plaintiff, RUSSELL W. LORENCE, prays that this court enter judgment in his favor and against, Defendant, KENNETH STOLLER d/b/a/ TOP TECH LABS, for damages in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II - NEGLIGENCE
## AGAINST LINDAHL BROTHERS, INC.

27.    Plaintiff adopts and re-alleges ¶¶ 1-18.

28.    As an employer who conducted an in-house random drug and alcohol test on its employees, it was the responsibility and duty of Defendant, LINDAHL BROTHERS, INC., to ensure that the service agent technicians that it used to administer its in-house drug and alcohol test was qualified and thus met the qualifications set forth in DOT regulations and assured that the service agent technicians followed DOT regulations and rules. See 49 C.F.R. §40.15 and §§40.31 through 40.33.

29.    Defendant, LINDAHL BROTHERS, INC., owed a duty to Plaintiff as its employee to conduct its in-house drug test with reasonable care and it owed a duty to Plaintiff as its employee to hire a qualified service agent technician and assure that it conducted DOT drug

7

test collections regularly with no canceled tests.

30.    That it is believed that Defendant, LINDAHL BROTHERS, INC., hired TOP

TECH LABS, INC., through KENNETH STOLLER to administer its in-house random drug test.

That it is believed that TOP TECH LABS, INC. was hired through KENNETH STOLLER and

that at some time TOP TECH LABS, INC., was an Illinois corporation that was dissolved

several years prior in 2001, and thus, the legal entity hired by Defendant, LINDAHL

BROTHERS, INC., to conduct or administer its random drug test is legally known as

KENNETH STOLLER d/b/a TOP TECH LABS.

31.    That it is believed that KENNETH STOLLER d/b/a TOP TECH LABS is not

qualified under the DOT regulations to collect urine specimens for random drug tests or just not

qualified to handle a project as large and for several employees at one time and it is believed that

KENNETH STOLLER did not complete the necessary training requirements that are required

under 49 C.F.R. §40.33.

32.    That it is believed that the test procedures followed by KENNETH STOLLER

d/b/a TOP TECH LABS ignored the steps that are mandate by the DOT regulations provided in

its Procedures for Transportation Workplace Drug and Alcohol Testing Programs and outright

failed to comply with and  violated 49 C.F.R. §40.43.  Therefore, the in-house random drug test

that was preformed on Plaintiff was administered in an unreasonable manner by an unqualified

collector or employer representative.

33.    By allowing four employees (the first employee was the Plaintiff; the second

employee is known as Auggie; the third employee is known as Kevin; and fourth an employee is

known as Joe Bruno), to  be present in the testing area, KENNETH STOLLER d/b/a  TOP

TECH LABS provided no safeguards to ensure accurate testing results and further outright

8

deviated from the DOT rules. Further, KENNETH STOLLER failed to allow Plaintiff to watch the urine division and creation of urine tubes A and B and further failed to allow Plaintiff to initial the urine tubes.

34.   It is believed that the decision by Defendant, LINDAHL BROTHERS, INC., to hire KENNETH STOLLER d/b/a TOP TECH LABS was based solely on economic concerns and was not based as should have been based on the appropriate qualifications, experience and training. It is believed that KENNETH STOLLER d/b/a TOP TECH LAB's quoted price to Defendant, LINDAHL BROTHERS, INC., was much lower than the prices that were quoted by other more qualified service agents.

35.   That Defendant, LINDAHL BROTHERS, INC., breached its duty that it owed the Plaintiff and it was negligent hiring an unqualified collector or employer representative and it was negligent in hiring KENNETH STOLLER to conduct its in-house drug test and to make sure that the procedures followed in conducting the drug test was compliant with DOT Regulation.

36.   Further, Defendant, LINDAHL BROTHERS, INC., breached its duty owed to Plaintiff and failed to exercise reasonable care in hiring an unqualified service agent technician that failed to conduct the company's DOT drug test collections regularly and properly.

37.   That as a result of the negligence of Defendant, LINDAHL BROTHERS, INC., a false positive test result against Plaintiff was published and Plaintiff was improperly discharged from his employment with Defendant, Lindahl Brothers, Inc., which resulted in lost money as a result of not being able to work; lost money because his replacement job pays him $3.50 per hour less than earned in his employment with LINDAHL BROTHERS, INC; was publicly humiliated and suffered mental and emotional anguish; suffered from sleeplessness and severe emotional distress; and spent time and money to restore his employment and good reputation.

9

WHEREFORE, Plaintiff, RUSSELL W. LORENCE, prays that this court enter judgment in his favor and against, Defendant, LINDAHL BROTHERS, INC., for damages in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III - RESPONDENT IN DISCOVERY
## AGAINST JOSEPH BRUNO

38.     Plaintiff adopts and re-alleges ¶¶ 1-18.

39.     Respondent in Discovery, JOSEPH BRUNO, was an employee truck driver of Defendant, LINDAHL BROTHERS INC., and it is believed that he was present with Plaintiff at the table where the urine samples were placed.

40.     It is believed that each Defendants' negligence and failure to establish a drug testing procedure that was compliant with the rules and regulations of DOT allowed the Plaintiff's urine sample and Joseph Bruno's urine sample to be switched.

41.     That this switch of the Plaintiff's urine sample with JOSEPH BRUNO's urine sample occurred either by error or on purpose and was allowed to occur only because more than one person at a time was allowed in the testing area which is a huge violation of protocol and a blatant violation of DOT regulations regarding procedures to administer transportation workplace drug-and-alcohol testing.

WHEREFORE, Plaintiff, RUSSELL W. LORENCE, pursuant to 735 ILCS 5/2-402, names JOSEPH BRUNO as a Respondent in Discovery.

Respectfully submitted,

RUSSELL W. LORENCE

BY: James J. Macchitelli

Attorney Number: 29491
James J. Macchitelli
Attorney for Plaintiff
7247 West Touhy Avenue
Chicago, Illinois 60631
Telephone: (773) 631-1500

10

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF COOK           )

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Verified Complaint are correct except as to matters therein stated to be on the information and belief as to such matters the undersigned certifies as aforesaid the he verily believes the same to be true.

Russell W. Lorence

11

11/06/2006 05:55 FAX 8012833603                                    ☒007

## FEDERAL DRUG TESTING CUSTODY AND CONTROL FORM

**ACE laboratories**
501 W Broad
West Alis 1st
53227 (321)
414 325 7700
414 674 2316
FAX 414 821 7847

SPECIMEN ID NO
68377521

LABORATORY ACCESSION NO
D9261403

**STEP 1 COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE**

A. Employer Name, Address and I.D No.    U875   999
TTL/LINDAHL BROTHERS
847-309-1911   Fax 312-664-1949
LOCATION ID:
ATTN:
622 E GREEN
BENSENVILLE, IL 60106   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
C. Donor SSN or Employee ID No.

B. MRO Name, Address Phone and Fax No
J R SABER, MD JD
SABER MRO SERVICES   ROUT
L INNWOOD CIR STE 202
LITTLE ROCK, AR 72211
501-954-9533   Fax 501-954-2624

D. Reason for Test   ☐ Pre-employment   ☒ Random   ☐ Reasonable Suspicion   ☐ Post Accident
☐ Return to Duty   ☐ Follow-up   ☐ Other (specify)

E. Drug Tests to be Performed   ☒ THC, COC PCP OPI AMP   ☐ THC and COC only   ☐ Other (specify)   [X]5FOR2 DOT 5 PNL BNDL
F. Collection Site Address   TTL/LINDAHL BROTHERS   Collector Phone No.   847-309-1911
622 E GREEN   Collector Fax No.   312-664-1949
BENSENVILLE, IL 60106

**STEP 2 COMPLETED BY COLLECTOR**

Read specimen temperature within 4 minutes. Is temperature between 90° and 100° F?   ☒ Yes   ☐ No, Enter Remark    | Specimen Collection   ☒ Split   ☐ Single   ☐ None Provided (Enter Remark)   ☐ Observed (Enter Remark)

REMARKS

**STEP 3** Collector affixes bottle seal(s) to bottle(s). Collector dates seal(s). Donor initials seal(s). Donor completes STEP 5 on Copy 2 (MRO Copy).

**STEP 4 CHAIN OF CUSTODY - INITIATED BY COLLECTOR AND COMPLETED BY LABORATORY**

X _Ron_   6:06 AM   SPECIMEN BOTTLE(S) RELEASED TO
(Signature of Collector)   Time of Collection   DHL
(PRINT) Collector's Name First M. Last   10/16/06   Name of Delivery Service/Specimen Transport Driver OR Lab
Ron Stoller   Date (Mo/Day/Yr)

RECEIVED AT LABORATORY
WENDY GAINES   10/17/06   Primary Specimen Bottle Seal Intact   ☒ Yes   ☐ No, Enter Remark Below   **TEMPORARY STORAGE**
(PRINT) Accessioner's Name (First, M. Last)   Date (Mo/Day/Yr)

**STEP 5a PRIMARY SPECIMEN TEST RESULTS - COMPLETED BY PRIMARY LABORATORY**

☐ NEGATIVE   ☒ POSITIVE for   ☐ MARIJUANA METABOLITE   ☐ CODEINE   ☐ AMPHETAMINE   ☐ ADULTERATED
☐ DILUTE   ☒ COCAINE METABOLITE   ☐ MORPHINE   ☐ METHAMPHETAMINE   ☐ SUBSTITUTED
☐ REJECTED FOR TESTING   ☐ PCP   ☐ 6 ACETYLMORPHINE   ☐ INVALID RESULT
REMARKS   B7F = 3he 2 fcal (hip of)

TEST LAB (if different from above)

X _____   ANTHONY WU, PHI   10/18 PM
(Signature of Certifying Scientist)   (PRINT) Certifying Scientist's Name (First, M. Last)   Date (Mo/Day/Yr)

**STEP 5b SPLIT SPECIMEN TEST RESULTS - (IF TESTED) COMPLETED BY SECONDARY LABORATORY**

LabOne / SLC, 2282 S Presidents Dr
MVC, UT 84120 (801) 293-2300
Laboratory Address    | ☐ RECONFIRMED   ☐ FAILED TO RECONFIRM - REASON

X _____   Delonas Frison   10/27/06
(Signature of Certifying Scientist)   (PRINT) Certifying Scientist's Name (First, M. Last)   Date (Mo/Day/Yr)

PLAINTIFF'S

EXHIBIT "A"

COPY 1 - LABORATORY

This form supplied by:

**Lifeloc**
TECHNOLOGIES

To Reorder:
Phone: 303.431.9500
Fax: 303.431.1423
www.lifeloc.com

# U.S Department of Transportation (DOT)
## Alcohol Testing Form
*(THE INSTRUCTIONS FOR COMPLETING THIS FORM ARE ON THE BACK OF COPY 3)*

DOCK# 7004370A

**Step 1: TO BE COMPLETED BY ALCOHOL TECHNICIAN**

A: Employee Name _RUSSELL W LORANCE_
    (Print)                          (First, M.I., Last)

B: SSN or Employee ID No. _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_

C: Employer Name _Lindell_
    Street
    City, ST Zip _622 E. Green_
    _Bensenville IL 60126_

DER Name and
Telephone No. _John_                    _630 595-4694_
              DER Name              DER Phone Number

D. Reason for Test ☑ Random ☐ Reasonable Susp ☐ Post-Accident ☐ Return to Duty ☐ Follow-up ☐ Pre-employment

**Step 2: TO BE COMPLETED BY EMPLOYEE**

I certify that I am about to submit to alcohol testing required by U.S. Department of Transportation regulations and that the identifying information provided on the form is true and correct.

Signature of Employee _____   Date Month _10_ Day _20_ Year

**Step 3: TO BE COMPLETED BY ALCOHOL TECHNICIAN**

(If the technician conducting the screening test is not the same technician who will be conducting the confirmation test, each technician must complete their own form.) I certify that I have conducted alcohol testing on the above named individual, in accordance with the procedures established in the U.S. Department of Transportation regulation, 49 CFR Part 40, that I am qualified to operate the testing device(s) identified, and that the results are as recorded.

TECHNICIAN: ☑ BAT  ☐ STT   DEVICE: ☐ SALIVA  ☑ BREATH*   15-Minute Wait: ☐ Yes  ☐ No

Screening test  (For BREATH DEVICE write in the space below only if the testing device is not designed to print)

| Test # | Testing Device Name | Device Serial # OR Lot # & Exp Date | Activation Time | Reading Time | Result |
|--------|---------------------|-------------------------------------|-----------------|--------------|--------|
| BT1 | Phoenix | 6858 | 6:07 | | .00 |

CONFIRMATION TEST: Results MUST be affixed to each copy of this form or printed directly onto the form.

REMARKS:

_Tom Tech_                      _P.O. Box 11426_
Alcohol Technician's Company    Company Street Address

_Ken Shibley_                   _Chicago IL 60611_  _847 308-9491_
(PRINT) Alcohol Technician's Name (First, M.I., Last)   Company City, State, Zip   Phone Number

_Ken S_                         Date Month _10_ Day _20_ Year
Signature of Alcohol Technician

**Step 4: TO BE COMPLETED BY EMPLOYEE IF TEST RESULT IS 0.02 OR HIGHER**

I certify that I have submitted to the alcohol test, the results of which are accurately recorded on this form. I must not drive, perform safety-sensitive duties, or operate heavy equipment because the results are 0.02 or

Signature of Employee _____   Date: Month ___ Day ___

PLAINTIFF'S

EXHIBIT "A"        **2**

**EMPLOYEE RETAINS**

02/04/2005   20:01   7696340070                                                  PAGE  01/01

Baber MRO Services
P.O. Box 22237
Little Rock, AR 72221-2237
501-954-9533

## ATTENTION:

Karen Stoller
Top Tech Labs                                      Participant: Loreuce, Russell
P.O. Box 11426                                     Other ID:
Chicago, IL 60611                                      SSN: 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

### Results of DOT Controlled Substance Test

Record Status: Positive                        Laboratory: ACL
    Test Type: Random test                            8801 W Lincoln
Collection Date/Time: 10/16/2006                   West Allis, WI 53227-0901
        Batch ID: 20061016                Collection Site: Top Tech Labs/On Site
     Specimen ID: 68377521                           818 Sears Dr
Date COC Received: 10/18/2006                      Schaumburg, IL  60173
     Sample Type: Urine

| Substance Tested | Result | | Substance Tested | Result |
|---|---|---|---|---|
| Amphetamines | Negative | | Cocaine | POSITIVE |
| Marijuana | Negative | | Phencyclidine | Negative |
| Opiates | Negative | | | |

This test was performed, recorded, and reported in accordance with CFR 49 Part 40.

CONFIRMED POSITIVE -COCAINE

_J.R. Baber, M.D._                                      10/18/2006
                                                   Verification Date

Plaintiff's

Exhibit "B"                3

Results for Loreuce, Russell, Other ID:  (SSN: 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)          Printed on 10/19/2006 at 10:10:55AM

PAGE  01                          BABER MRO          5016349070      09:12  12/19/2006



**ELMHURST CLINIC**

Working together for the health
of you & your family.

| | |
|---|---|
| **PATIENT:** | **Russell Lorence** |
| **DATE OF BIRTH:** | **12/10/1967   Years of Age** |
| **ENCOUNTER DATE:** | **October 20, 2006ECM** |
| **CLINIC NUMBER:** | **ECMMR:000000488653** |

10/20/2006 05:46 PM: Assigned/Final: Drug Abuse 3 with Reflex Confirmation
Drug Abuse 3 with Reflex Confirmation: 10/20/2006 11:41 AM

| Description | Result | Units | Range | Flags |
|---|---|---|---|---|
| Phencyclidine PCP Scrn | | None Detected | | |
| Oxycodone Screen | | None Detected | | |
| Opiate Screen | | None Detected | | |
| Methaqualone Screen | | None Detected | | |
| Methadone Screen | | None Detected | | |
| Marijuana Screen | | None Detected | | |
| Cocaine Screen | | None Detected | | |
| Benzodiazepine Screen | None Detected | | | |
| Barbiturate Screen | | None Detected | | |
| Amphetamine Screen | | None Detected | | |

*Comments:*
Assay Cutoff 1000 ng/ml

Assay Cutoff 300 ng/ml

Assay Cutoff 200 ng/ml

Assay Cutoff 300 ng/ml

Assay Cutoff 100 ng/ml

Assay Cutoff 300 ng/ml

Assay Cutoff 300 ng/ml

Assay Cutoff 300 ng/ml
** NOTE: The Opiate assay does NOT detect Oxycodone **

Assay Cutoff 300 ng/ml

Assay Cutoff 25 ng/ml

This document generated by PHILIP J. VANREKEN, M.D.
This document generated on 10/21/2006 9:18 AM

PLAINTIFF'S

EXHIBIT "C"    **4**

Lorence, Russell 000000488653    L-Low  H-High   A-Abnormal  AA- Extreme  LL- Extreme low  HH - Extreme high



**LINDAHL**
**BROS. INC.**
SINCE 1927

## DISMISSAL NOTICE

TO EMPLOYEE: Russell Lorence

WARNING NOTICE GIVEN TO YOU UNDER ARTICLES OF THE CONTRACT
BETWEEN OUR COMPANY AND YOUR UNION.

THE FOLLOWING OCCURRENCE IS THE BASIS FOR THIS WARNING:

DATE: October 18, 2006

OCCURRENCE: Lindahl Brothers, Inc. performed a random alcohol and drug test on
October 16, 2006. You submitted to the tests. You failed the urine test. You were aware
of Lindahl Brother's Alcohol and Drug Abuse Policy; see enclosed copy of your
acceptance of Lindahl Brother's Policy. Enclosed is a copy of your drug test results. Per
the Policy your employment has been terminated.

A COPY OF THIS NOTICE IS BEING SENT TO THE FOLLOWING:

LOCAL UNION NO. 731

WARNING NOTICE DATED THIS 18th DAY OF OCTOBER 2006.


LINDAHL BROTHERS, INC.

Clarence Lindahl, Jr.
President

Cc: Employee
     Union file
     Employee file


*PLAINTIFF'S*

*EXHIBIT "D"*    **5**

STATE OF ILLINOIS      )
                         )    SS
COUNTY OF DUPAGE   )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RUSSELL W. LORENCE,        )
                           )             2008L005644
     Plaintiff,            )             CALENDAR/ROOM V
                           )             TIME 00:00
    vs.                     )    CASE NO.:    Prof Malpractice
                           )
KENNETH STOLLER d/b/a TOP TECH   )
LABS and LINDAHL BROTHERS, INC.,   )
an Illinois Corporation,         )
                           )
     Defendants,          )
                           )
     and                    )
                           )
JOSEPH BRUNO,            )
                           )
     Respondent in Discovery.   )

## RULE 222 DISCLOSURE STATEMENT

1. The factual Basis of Plaintiff's claim:

ANSWER: Plaintiff, RUSSELL W. LORENCE, was injured as a direct and proximate result of each Defendant's negligence. More specifically, the Defendant, LINDAHL BROTHERS, INC., is an Illinois corporation that conducts its business in the trucking business as it hires truck drivers with commercial driver's licenses. The US department of Transportation set up guidelines and regulations regarding procedures to administer transportation workplace drug-and-alcohol testing. See, 49 C.F.R. §40.1 et seq. LINDAHL decided to institute an in-house drug testing program for its employees. LINDAHL hired Defendant, KENNETH STOLLER, to administer a random drug and alcohol test by providing breath tests to employees and by collecting urine specimens from employees and transferring these urine sample to a laboratory for testing. KENNETH STOLLER's testing procedures deviated substantially from the guidelines that were established by DOT and as a result of LINDAHL hiring of an unqualified administrator, KENNETH STOLLER, a false positive result was returned against Plaintiff and Plaintiff was discharged from his position of employment and he was injured lost money as a result of not being able to work; lost money because his replacement job pays him $3.50 per hour less than earned in his employment with LINDAHL BROTHERS, INC; was publicly humiliated and suffered mental and emotional anguish; suffered from sleeplessness and severe emotional

distress; and spent time and money to restore his employment and good reputation.

2.  The legal theory upon which each claim is based:

ANSWER: Defendant, LINDAHL BROTHERS, had a duty to hire a qualified administrator for its in-house random drug tests and it breached that duty by hiring an unqualified administrator who was not properly trained nor staffed to handle this in-house random drug testing task. Defendant, KENNETH STOLLER, is esponsible for his negligence in accepting the position as administrator of the LINDAHL BROTHERS in-house drug testing when he was not properly trained and he was under staffed and unable to handle the large number of employees and as such he deviated substantially from the guidelines and regulations that were set forth by DOT. As a direct and proximate result of each Defendant's negligence, Plaintiff sustained damages.

3.  Names, addresses and telephone numbers of witnesses which Plaintiff expects to call at trial with a designation of the subject matter about what each witness might be called to testify:

ANSWER: The parties to this lawsuit. Investigation continues.

4.  Names, addresses and telephone numbers of all persons whom the Plaintiff believes may have knowledge or information relevant to the events, transactions or occurrences that gave rise to the action, and the nature of the knowledge or information each such individual is believed to possess:

ANSWER: The parties to this lawsuit; investigation continues.

5.  Names, addresses and telephone numbers of all persons who have given statements whether written or recorded, signed or unsigned, and the custodian of the copies of those statements:

ANSWER: None at this time; investigation continues.

6.  The names, addresses and telephone numbers of each person whom the Plaintiff expects to call as an opinion witness at trial, the subject matter on which the opinion witness is expected to testify, the conclusions and opinions of the opinion witness and the bases therefor, the qualifications of the opinion witness and copies of any reports prepared by the opinion witness:

ANSWER:  Not known at this time.

7. A computation and the measure of damages alleged by the plaintiff and the document or testimony on which such computation and measure are based and the names, addresses and telephone numbers of all damage witnesses:

ANSWER:    Plaintiff was wrongfully terminated from his position of employment with LINDAHL BROTHERS, INC.; lost money as a result of not being able to work; lost money because his replacement job pays him $3.50 per hour less than earned in his employment with LINDAHL BROTHERS, INC; was publicly humiliated and suffered mental and emotional anguish; suffered from sleeplessness and severe emotional distress; and spent time and money to restore his employment and good reputation.

| | | |
|---|---|---|
| (1) | Wrongful termination | Excess of $50,000.00 |
| (2) | Lost Wages and benefits | $142.00 per week plus 8 months unemployment |
| (3) | Mental and emotional stress | Excess of $50,000.00 |
| (4) | Damaged Reputation | Excess of $50,000.00 |

8. The existence, location, custodian and general description of any tangible evidence or documents that Plaintiff plans to use at trial and relevant insurance agreements.

ANSWER:    None.

9. A list of the documents or, in the case of voluminous documentary information, a list of categories of documents, known by Plaintiff to exist whether or not in the Plaintiff's possession, custody or control and which the Plaintiff believes may be relevant to the subject matter of the action, and those which appear reasonably calculated to lead to the discovery of admissible evidence, and the date(s) upon which those documents will be made, or have been made, available for inspection or copying.

ANSWER: Attached to the Verified Complaint at Law

By: _____
Attorney for Plaintiff

Attorney No.: 13952
Michael A. Tepper & Associates
Attorney No.: 29491
James J. Macchitelli
Attorneys for Plaintiff
321 Stone Road
Villa Park, IL 60181
(630) 834-7272