IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUSSELL W. LORENCE,<br>    Plaintiff,<br>v.<br>KENNETH STOLLER d/b/a/<br>TOP TECH LABS, and<br>LINDAHL BROTHERS, Inc.,<br>An Illinois Corporation<br><br>And<br><br>JOSEPH BRUNO,<br><br>Respondent in Discovery | )<br>)<br>)<br>)<br>)<br>)<br>)   2008 C 3620<br>)<br>)   Judge Holderman<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM IN SUPPORT OF DEFENDANT LINDAHL'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

**Introduction**

Plaintiff, Russell Lorence, sued Kenneth Stoller, d/b/a Top Tech Labs ("Stoller") and Lindahl Brothers, Inc ("Lindahl") in the Circuit Court of Cook County, alleging negligence against each defendant arising from an allegedly defective in house drug test. Lorence claimed that this negligence resulted in his termination from his employment with Lindahl. Lindahl removed the action to this court pursuant to 28 U.S.C. § 1441 and 1446, on the basis of federal question jurisdiction, claiming that plaintiff's claims arose under the National Labor Relations Act, §301. Lindahl now seeks dismissal of all claims against it on the grounds that they are preempted by Section 301, or in the alternative, the entry of summary judgment in its favor on the same grounds.[1]

---

[1] Rule 12 b provides that if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Lindahl has attached to its motion the collective bargaining agreement and several documents concerning plaintiff's grievance hearing.

1

## Facts

Lorence alleges that he was employed by Lindahl as a truck driver from September, 2005 through October, 2006. (Complaint, ¶4-5). On October 16, 2006, Lindahl directed Lorence and other employees to undergo a random drug and alcohol test. (Complaint ¶8-9) Lorence complied with the request and on October 18, 2006, he was informed that his urine tested positive for cocaine. (Complaint, ¶15) Lorence immediately obtained an independent urine test which purportedly was negative. (Complaint, ¶16.) As a result of the positive urine test, Lorence was terminated from his employment at Lindahl. (Complaint, ¶17). Lorence claims that defendants Stoller and Lindahl conducted the drug tests negligently and in violation of various federal standards, resulting in Lorence's wrongful termination. (Complaint, ¶37).

Plaintiff was a member of Teamsters Local Union No. 731, and as such was subject to the terms and conditions of a collective bargaining agreement between Lindahl and Local 731. (See Affidavit of John Lindahl, ¶s 3-4, attached to Lindahl's Motion to Dismiss). Pursuant to the grievance procedure in the collective bargaining agreement, plaintiff filed a grievance on October 23, 2006 claiming unlawful termination from his employment. (Lindahl affidavit ¶5). On March 23, 2007 a hearing was conducted which upheld Lorence's grievance and ordered that he be reinstated to his former position with no back pay.[2]

Lorence alleges that Lindahl had a duty to ensure that the technicians it used to administer its in-house drug and alcohol test were qualified and met the requirements of federal regulations issued by the Department of Transportation. (Complaint, ¶28). Lorence further alleges that Lindahl owed a duty to Lorence "to conduct its in-house drug test with reasonable

---

[2] Lorence was offered his job back by Lindahl, but he subsequently informed Lindahl that he did not wish to return to work and was seeking employment elsewhere. See Affidvit of John Lindahl, ¶8.

care," to "hire a qualified service agent technician," and to "assure that it conducted DOT drug test conditions regularly with no canceled tests." (Complaint, ¶29) Lorence claims *inter alia* that defendant Stoller was not qualified under DOT regulations to conduct defendant's in-house drug test, that Lindahl breached its duty to hire a qualified entity to conduct its drug testing and that "as a result of the negligence of defendant Lindahl, a false positive test was published and plaintiff was improperly discharged." (Complaint, ¶37).The complaint further alleges that Lorence lost money as a result of not being able to work, was publicly humiliated and suffered mental and emotional anguish. Id.

## Argument

### A. Plaintiff's Claims are Preempted by the National Labor Relations Act

Section 301 of the National Labor Relations Act, 29 U.S.C. §185, preempts claims directly founded on or 'substantially dependent on analysis of a collective bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L.Ed.2d 318, (1987). Even where a complaint makes no mention of §301, as in the instant case, §301 may displace entirely a state cause of action. *Atchley v. Heritage Cable Vision*, 101 F. 3d 495,499. (7th Cir. 1996) Thus although in this case, Lorence frames his claims in negligence with no mention of his status as a party to a collective bargaining agreement, his claims must be dismissed by this court under the doctrine of preemption.

In *Chapple v. National Starch*, 178 F. 3d 501 (7th Cir. 1999), plaintiffs brought claims for *inter alia* wrongful discharge and emotional distress as well as breach of a collective bargaining agreement against their former employer. Plaintiffs had been terminated after their employer's investigation revealed illegal drug use by its employees. Plaintiffs alleged they had been fired without cause and that the drug testing policy they were subjected to violated their

3

privacy rights. 178 F. 3d at 507. The Seventh Circuit affirmed the district court's dismissal of plaintiffs' state law claims for wrongful discharge and intentional infliction of emotional distress on the grounds that they were completely preempted by Section 301. The Court held that these claims were dependent upon an interpretation of the collective bargaining agreement and that therefore, they were displaced by Section 301. Id at 508 Similarly, in *Atchley v. Heritage Cable*, 101 F. 3d 495 (7th Cir. 1996), the 7th Circuit held that claims based on an Indiana Wage Payment statute were completely preempted by Section 301. The court stated: "if the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state laws is preempted and federal labor law principles must be employed to resolve the dispute." 101 F. 3d. at 499.

In this case the heart of plaintiff's complaint is that he was wrongfully discharged because of an allegedly defective in-house drug test. The collective bargaining agreement provides that employees may be terminated only for "just cause." (See collective bargaining agreement attached to Affidavit of John Lindahl, §16.2) The agreement provides that "all disputes or grievances arising out of work and operations under the Agreement shall be settled and resolved as provided" in Article VI- Grievances and Arbitration. The agreement also has a section which recognizes that employer policies regarding drug and alcohol abuse are subject to the Grievance procedures in Article VI. (See collective bargaining agreement, Article XXX.) Lorence did the right thing in resorting to the grievance process outlined in Article VI of the collective bargaining agreement to contest his termination. Lorence's claims that the drug test had been conducted improperly were the subject of his grievance hearing. (See affidavit of John Lindahl, ¶ 6). Indeed he won his grievance hearing and was awarded reinstatement to his position, albeit without back pay. Whatever further remedy he may have had is limited to the

collective bargaining agreement. *See, e.g., Estes v. Beta Steel Corp.* 2006 WL 3542731 *3, (N.D. Ind. 2006)

This is true with respect to plaintiff's tort claims as well. *See, Chapple, supra.* Although the contours of Lorence's tort claims are not clear, he claims that he was terminated as a result of Lindahl's negligence and that a "false positive test result against plaintiff was "published" also as a result of Lindahl's negligence. As a result of these incidents, Lorence suffered emotional distress and spent time and money to restore his employment and good reputation. (Complaint, ¶37) A close examination of Lorence's claims reveals that he is simply asserting that he was discharged without cause, a claim that would require an analysis of the collective bargaining agreement. To the extent that Lorence is claiming that he was defamed by the "publication" of the test results, although he does not allege to whom they were published, that claim is also preempted. *See, Williams v. Hitachi Zosen Clearing Inc.* 1987 WL 14095 (N.D. Il. 1987)(dissemination of drug test results was properly characterized as a section 301 claim); *Peffley v. Durakool, Inc.* 669 F. Supp. 1453, 1462 (defamation claim preempted by Section 301 when the allegedly defamatory statement was contained in a notice from an employer informing the plaintiff of discharge).

Whether characterized as claims for breach of contract or negligence, Lorence's claims against Lindahl are completely preempted by Section 301 and must be dismissed.

### B. Lorence does not State a Claim for Defamation

In the event that this court decides that Lorence's state law claims are not preempted by Section 301, defendant asserts that to the extent that Lorence is attempting to state a claim for

5

defamation, he has not properly alleged a defamation claim and , in any event, any purported claim for defamation is barred by the applicable statute of limitations.

Lorence claims *inter alia* that as a result of defendant's negligence, "a false positive test result against plaintiff was published" and that he was "publically humiliated" as a result. Plaintiff does not indicate to whom the test results were published. To the extent that Lorence is attempting to assert a defamation claim against Lindahl, he has failed to allege the necessary elements. Under Illinois law, to establish that defamation occurred, plaintiff must show (1) that the defendant made a false statement concerning the plaintiff; (2) that there was an unprivileged publication of the defamatory statement by the defendant to a third party; and (3) that the plaintiff was damaged. *Redwood v. Dobson*, 2005 WL 5176860 (NC. D. Il. 2005)(citing *Thomas v. Fuerst*, 803 N. E. 2d 619, 623 (Ill. Ap. Ct. 2004). Plaintiff has simply alleged a publication, but does not indicate that it was unprivileged or made to a third party. In addition, assuming that the publication occurred around the time of his termination. (October, 2006), his claim is barred by the Illinois statute of limitations, 735 ILCS §5/13-201 which provides that all claims for defamation must be brought within one year.

## Conclusion

Plaintiffs claims are entirely subsumed within the collective bargaining agreement, despite his artful attempt to escape its embrace. His essential claim is that he was terminated without cause, an issue which can only be determined by reference to the collective bargaining agreement. Indeed, plaintiff seems to have recognized this since he did file a grievance contesting the very actions which he now contends constitute negligence on the part of Lindahl. To the extent Lorence is attempting to assert tort claims in connection with the allegedly

defective in-house drug test, these claims are preempted as well. For the above stated reasons, this Court must dismiss Lorence's claims against Lindahl with prejudice.

Respectfully Submitted

_____

s/Miriam N. Geraghty
Attorney for defendant Lindahl Brothers, Inc.

Miriam N. Geraghty
Joanne Kinoy
Kinoy, Taren & Geraghty, P.C.
224 S. Michigan, Suite 300
Chicago, Il. 60604
312-663-5210